## CARL WEIST v. FARMERS' STATE BANK OF BENTLEY, North Dakota, a Corporation.

(153 N. W. 283.)

**Appeal — statement of case — motion to dismiss appeal — exhibits — certificate of judge — copies — index — typewritten — costs.**

Respondent moves to strike out statement and dismiss this appeal because (1) the exhibits were not incorporated as a part of the transcript served and subsequently settled as the statement of the case. (2) Because the certificates

authenticating the exhibits were insufficient. (3) Because copies, instead of the original exhibits, were transmitted as a part of the appeal record, containing that the repeal of § 7058, Rev. Codes 1905, § 7655, Comp. Laws 1913, authorizing transmission of copies in lieu of the originals, requires the originals to now accompany the appeal record. (4) Because there is no sufficient index to the exhibits or statement of the case. (5) Because typewritten instead of printed briefs are filed, and the judgment for damages exceeds $300. (6) Because the appeal bond is alleged to be insufficient as to justification of sureties.

*Held:* On grounds set forth in the opinion, the motion to dismiss is denied. No costs allowed on the motion.

Opinion filed May 25, 1915.

*J. K. Murray* of Mott, for respondent.

*V. H. Crane* of Mott, for appellant.

Goss, J.   Respondent has moved to strike the settled statement of the case, dismiss the appeal, and affirm the judgment. It is contended, first, that no complete transcript of the evidence was ever made, furnished, or served upon respondent. But the moving affidavits disclosed that a transcript of the oral testimony on the trial was transcribed and served presumably after the same was duly certified as correct, by the court stenographer. Respondent's objection really goes to the failure to have a copy of the exhibits included in such transcript. This is no ground for dismissal of an appeal. The 1913 practice act contemplates that a respondent shall challenge any inaccuracies in a proposed statement served and bring them to the attention of the judge at or before the time of settlement of the statement. Section 7655, Comp. Laws 1913, prescribes how exhibits not included in the transcript may be brought into and constituted a part of the statement and duly authenticated.

Respondent next contends that his motion should be granted because the original exhibits were never sufficiently identified by certificate of the district judge, nor were such exhibits incorporated into a statement of the case or filed or sent to the supreme court. As to authentication of exhibits the trial judge has certified that the many exhibits, as designated in his certificate by letter and number and attached thereto, "are the exhibits offered and received in evidence on the trial in the above-entitled action, and are hereby identified as the exhibits offered and received in evidence in the said action." There is also a certificate by the trial judge recertifying both the statement

and exhibits as correct transcript of all evidence and all proceedings had, including exhibits enumerated specifically by number and letter. This sufficiently and definitely authenticates the exhibits.

The second portion of respondent's objection goes to the fact that copies are forwarded on the appeal in lieu of the original exhibits retained in the district court. This is within the authority and discretion of the trial judge, though the statutory authority for substitution of copies, § 7058, Rev. Codes 1905, § 7655, Comp. Laws 1913, is expressly repealed by the 1913 practice act. The law contemplates that the original exhibits used in civil cases shall be certified and accompany the appeal record in the absence of some good reason for their retention in the trial court. It will be assumed, however, that such a reason exists where, as here, exhibits have been so retained. Where this has been done, and where respondent desires that the original exhibits be brought before the court on the appeal as on trial *de novo*, his remedy is not by a motion to dismiss the appeal, but by an application to the district court in the first instance for an order directing that the original exhibits be forwarded as a part of the appeal record. But where such an application has not been made, or if made has been refused, the party aggrieved may further pursue the matter by an application to this court for an order remanding the record to the lower court with directions that the original exhibits be certified and attached thereto and returned to the supreme court, authenticated as a part of the record on appeal.

Respondent urges that there is no sufficient index to the exhibits and the statement of the case, and urges dismissal on this ground. This is not well taken as it is apparent that appellant has made good faith endeavor at indexing.

Respondent moves to dismiss this appeal because typewritten instead of printed briefs are filed. The judgment was slightly in excess of $300 damages. Inasmuch, as respondent has also filed a typewritten brief, and the matter is not one requiring dismissal of the appeal, printed briefs will not be exacted. The matter should have been raised by a motion to strike out the brief. But typewritten briefs will be permitted in this case.

Respondent's final contention is that the appeal should be dismissed because the appeal bond is insufficient "in that the justification of the

sureties thereon does not state that the sureties are worth the sum of $1,500 over and above *all* their debts," and in property within the state of North Dakota. The word "all' is missing. It is true that § 7837, Comp. Laws 1913, requires a surety to justify in a certain sum "mentioned in such affidavits over and above *all* his debts and liabilities in property within this state not by law exempt from execution." The omission of the "all" does not change the meaning, and the justification as given is not defective. Nor is it subject to the objection that the justification does not state that the property of the surety is within the state of North Dakota. It concludes with the words "within this state." It is in the language of the statute and is sufficient. No other state could be meant. The motion to dismiss the appeal is in all things denied. But as these practice questions presented are important, and as yet not passed upon since the enactment of the 1913 practice act, and are somewhat debatable, no costs will be allowed the prevailing party on the decision of this motion.